IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, CARPENTERS PENSION FUND OF ILLINOIS, CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, UNITED BROTHERHOOD OF CARPENTERS CHECK OFF, <br><br>    Plaintiffs, <br><br>v. <br><br>MJS INSTALLERS, LLC, <br><br>    Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 21-3179 |

## COMPLAINT

NOW COME the plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, MJS INSTALLERS, LLC, and allege as follows:

### Jurisdiction

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA").

2. This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action. (*See* 29 U.S.C. §1132).

### Venue

3. Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because the plan of the plaintiff, Central Illinois Carpenters Health and Welfare Trust Fund, is administered in Lincoln, Illinois, which is within the jurisdiction of the district court for the Central District of Illinois, Springfield division.

### PARTIES

5. Plaintiffs, Central Illinois Carpenters Health and Welfare Trust Fund and Carpenters Pension Fund of Illinois, are employee benefit funds administered pursuant to the terms and provisions of an agreements and declarations of trust, as amended and restated (the "trust agreements").

6. A true and accurate copy of the relevant provisions of the trust agreement for Central Illinois Carpenters Health and Welfare Trust Fund is attached hereto as Exhibit "A" and is fully incorporated herein and made a part hereof by this reference.

7. A true and accurate copy of the relevant provisions of the trust agreement for Carpenters Pension Fund of Illinois is attached hereto as Exhibit "B" and is fully incorporated herein and made a part hereof by this reference.

8. The remaining plaintiffs are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA or labor organizations, labor-management committees,

and/or funds established pursuant to a collective bargaining agreement.

9. The Carpenters Pension Fund of Illinois is a collection agent for and authorized to act on behalf of the other named plaintiffs to collect employer contributions and other amounts owed to these Plaintiffs.

10. Defendant is a Missouri corporation that does business in Illinois.

**Factual Allegations**

11. Defendant is a party to a collective bargaining agreement with the Mid-Central Regional Council of Carpenters, now known as the Chicago Regional Council of Carpenters–Southern Region, titled "Recognition Agreement and Adoption of all Collective Bargaining Agreements to which Mid-Central Illinois Regional Council of Carpenters is a Party" and dated June 14, 2007 (a copy of the recognition agreement is attached hereto as Exhibit "C" and is fully incorporated herein and made a part hereof by this reference).

12. Defendant is a party to a collective bargaining agreement with the Chicago Regional Council of Carpenters titled "Memorandum of Agreement" and dated February 16, 2018 (a copy of the memorandum of agreement is attached hereto as Exhibit "D" and is fully incorporated herein and made a part hereof by this reference).

13. Defendant is a party to a collective bargaining agreement with the Chicago Regional Council of Carpenters commonly known as the "Chicago Regional Council of Carpenters Southern Region Master Agreement" covering the period of May 1, 2017, through April 30, 2020 (a copy of the recognition agreement is attached hereto as Exhibit "E" and is fully incorporated herein and made a part hereof by this reference).

14. Defendant is a party to a collective bargaining agreement with the Chicago Regional Council of Carpenters commonly known as the "Chicago Regional Council of Carpenters

Southern Region Master Agreement" covering the period of May 15, 2020, through April 30, 2024 (a copy of the memorandum of agreement is attached hereto as Exhibit "F" and is fully incorporated herein and made a part hereof by this reference).

15. The collective bargaining agreements bind defendant to the provisions of the trust agreements.

16. Defendant employs or has employed members of the Chicago Regional Council of Carpenters, including the Southern Region (the "Union"), who are also participants in the employee benefit funds administered by the plaintiffs pursuant to the collective bargaining agreements to which defendant is a party or otherwise bound.

17. Defendant has employed individuals who performed hours of bargaining unit work for which fringe benefit contributions were owed to the plaintiffs under the provisions of the collective bargaining agreements and trust agreements during the period of October 1, 2017, to present.

18. Defendant is required under the collective bargaining agreements and trust agreements to pay contributions to plaintiffs for the hours of bargaining unit work performed by its employees each month.

19. Pursuant §1145 of ERISA, the defendant is required to pay contributions to the plaintiffs in accordance with the terms and conditions of the trust agreements. *See* 29 U.S.C. §1145.

20. Defendant is required under the collective bargaining agreements and trust agreements to provide plaintiffs with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

21. Defendant's remittance reports with payment of fringe benefit contributions owed

are due to the plaintiffs by the 15th day of the month following the month in which the hours were worked by defendant's employees.

## COUNT I
### Accounting

1-21. The plaintiffs re-assert and re-allege paragraphs 1 through 21 as paragraphs 1 through 21 of count I as if fully set forth herein.

22. Pursuant to the trust agreements and ERISA, plaintiffs have the right to examine the payroll books and records of the defendant to confirm whether defendant has reported hours worked and gross wages earned by its employees, and to determine whether the defendant has paid plaintiffs all contributions and work dues owed under the collective bargaining agreements.

23. Plaintiffs have made demands upon defendant to submit to an audit of defendant's payroll books and records covering the period of October 1, 2017, to present.

24. Defendant has failed to appear for a scheduled audit in one instance, asked to reschedule previously agreed to audit dates in other instances, and most recently, informed plaintiffs that defendant would be out-of-town on the date defendant chose for the audit, without requesting that the audit be rescheduled.

25. Defendant's conduct, in failing to appear for an audit, rescheduling audit dates, and failing to be available for the most recent audit on the date that defendant choose, without requesting that the audit be rescheduled, constitutes a refusal or failure to fully comply with and a breach of defendant's obligations under the trust agreements and ERISA to cooperate with plaintiffs' request for an audit.

26. To the extent unpaid contributions or work dues are determined to be owed to plaintiffs under the audit, defendant breached the provisions of the collective bargaining agreements, trust agreements and ERISA by underpaying the fringe benefit contributions and work

dues that were owed to the plaintiffs for hours of work and gross wages earned by its employees.

27. Defendant owes plaintiffs contributions for all hours of work performed by its employees that are determined to be unreported in the audit, if any.

28. Defendant owes plaintiffs work dues on all gross income earned by its employees for hours of work performed by its employees that are determined to be unreported in the audit, if any.

29. Pursuant to the terms of the trust agreements and ERISA, the defendant is liable for interest and liquidated damages on delinquent contributions owed to the plaintiffs.

30. Pursuant to the terms of the collective bargaining agreements and trust agreements, the defendant is liable for audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of delinquent contributions.

WHEREFORE, plaintiff prays as follows:

A. That defendant is ordered to provide and/or make available to plaintiffs or its auditor, within 30 days of the date such order is entered, all of defendant's payroll and other business records for the period of October 1, 2017, through a future date determined by plaintiffs or its auditor;

B. That plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the period of October 1, 2017, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiffs are entitled to pursuant to the trust agreement, labor agreements and ERISA;

C. That judgment is entered in favor of plaintiffs and against defendant for all fringe benefit contributions, interest and liquidated damages owed to plaintiffs for the period of October

1, 2017, through a future date including without limitation the ending date of any payroll compliance audit, as determined by payroll compliance audit or otherwise;

D. That defendant be decreed to pay to the plaintiffs all such monies determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

F. That defendant is decreed to pay all costs attendant to these proceedings;

G. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreements, the trust agreements or as is otherwise just and equitable.

                  CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND *et al.*, Plaintiffs,

                  By:   s/ John P. Leahy
                  JOHN P. LEAHY
                  CAVANAGH & O'HARA LLP
                  Attorneys for Plaintiffs
                  2319 W. Jefferson Street
                  Springfield, IL 62702
                  (217) 544-1771 – Telephone
                  (217) 544-9894 – Facsimile
                  johnleahy@cavanagh-ohara.com